FILED
 2008 Sep-26 PM 01:40
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JOHN F. HOLLINGSWORTH, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 3:08-cv-01613-CLS ) ) |
| BRYAN RICHARDSON, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiffs commenced this action by filing a complaint in the Circuit Court of Lauderdale County, Alabama, on July 31, 2008. Plaintiffs and defendants dispute the location of a boundary line between their respective properties, located in Laurerdale County, Alabama, which are bordered by an area that is subject to a Tennessee Valley Authority ("TVA") flood easement.[1] Specifically, plaintiffs contend that defendants impermissibly erected a walkway and pier on plaintiffs' property, and plaintiffs assert a claim for trespass under Alabama law, a request for a judicial determination of the legal boundary between the properties at issue, and an order requiring defendants to remove the walkway and pier. Plaintiffs pled only state law causes of action. The walkway and pier were constructed after defendants secured the requisite

---

[1]*See* doc. no. 1 ("Complaint" (attached to "Notice of Removal")) at ¶ 5. According to plaintiffs' complaint, the pier extends out into a "small meandering creek." (*Id.* at ¶ 10).

permits from TVA.

Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 under the premise that federal question jurisdiction exists because Section 26(a) of the Tennessee Valley Authority Act, 16 U.S.C. § 831y-1, Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403, completely preempt plaintiffs' state law claims.[2] Plaintiffs filed a "Motion to Remand" and, on September 18, 2008, defendants were ordered to show cause why that motion should not be granted.[3] Defendants subsequently filed an "Opposition to Motion to Remand," which the court construes as a response to its show cause order.[4] Defendants have not demonstrated that this court has jurisdiction over the instant dispute.

## I. DISCUSSION

A removing defendant bears the burden of proving that federal jurisdiction exists. *See, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists.")

---

[2] *See* doc. no. 1 ("Notice of Removal").
[3] *See* doc. no. 5 ("Motion to Remand").
[4] *See* doc. no. 6 ("Opposition to Motion to Remand").

(citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). The removing party may submit affidavits, depositions, or other evidence to support removal. *See, e.g., Lott v. Metropolitan Life Insurance Co.*, 849 F. Supp. 1451, 1452 (M.D. Ala. 1993) (citing *Fowler v. Safeco Insurance Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990)).

In the present case, however, when defendants filed their notice of removal, they attached plaintiffs' complaint as the only evidence of the facts of this controversy. Because defendants have not provided evidence supporting federal jurisdiction, the court must assume that defendants are relying solely on the factual averments in plaintiffs' complaint to demonstrate complete preemption of plaintiffs' state law claims.

**A.    The "Well-Pleaded Complaint Rule"**

The Eleventh Circuit observed in *Smith v. GTE Corp.*, 236 F.3d 1292 (11th Cir. 2001), that:

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule*, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct.

3

2425, 2429, 96 L. Ed. 2d 318 (1987). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board* [*of the State of California*] *v. Construction Laborers Vacation Trust for S*[*outhern*] *Cal*[*ifornia*], 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983).

*Smith*, 236 F.3d at 1310 (alteration and emphasis supplied).

The powerful, "well-pleaded complaint rule" has emerged from a concern for state court sovereignty. *See Franchise Tax Board*, 463 U.S. at 10. The well-pleaded complaint rule provides that a case "must be determined from what necessarily appears in the *plaintiff's statement of his own claim* in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."[5] *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)) (emphasis supplied). As the Supreme Court succinctly stated:

> For better or worse, under the present statutory scheme as it has existed

---

[5] Seventy-five years before its decision in *Franchise Tax Board*, the Supreme Court explained this principle in *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149 (1908), in the following manner:

> *[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based on those laws or that Constitution.* It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course, of the litigation, a question would arise, *they do not show that the suit, that is, plaintiff's original cause of action, arises under the Constitution.*

*Id.* at 152 (emphasis supplied).

> since 1887, *a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law.* "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the *plaintiff's* cause of action."

*Franchise Tax Board*, 463 U.S. at 10-11 (quoting *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)) (emphasis added).

The clear implication of the well-pleaded complaint rule, then, is that any "[d]oubts concerning removability are to be resolved against removal and in favor of remand." *Alabama Department of Environmental Management v. Southern Clay and Energy*, 737 F. Supp. 80, 81-82 (N.D. Ala. 1990); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

Thus, removal on the basis of a federal question cannot be sustained unless the allegations contained within the four corners of a plaintiff's complaint at the time of removal support such jurisdiction. *See Great Northern Railway Co. v. Alexander*, 246 U.S. 276, 281 (1918); *see also Franchise Tax Board*, 463 U.S. at 10. Stated differently, if the allegations in the present plaintiffs' complaint do not satisfy the requirements of 28 U.S.C. § 1441, the action "cannot be made removable by any statement in the petition for removal or in subsequent pleadings by defendant." *Great Northern Railway Co.*, 246 U.S. at 281. Here, plaintiffs' complaint asserts only state law claims. Therefore, this case does not arise under federal law through the ordinary

operation of the well-pleaded complaint rule.

### B.   Complete Preemption as an Exception to the Well-Pleaded Complaint Rule

There is, however, a narrow exception to the well-pleaded complaint rule based on the doctrine of complete preemption. Under that doctrine, Congress can so fully legislate in a particular area that any complaint raising claims in that area is "necessarily federal in character" and, therefore, the action is removable on the basis of federal question jurisdiction. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003); *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). In other words, "[i]f a state law claim is completely preempted [by an Act of Congress], courts are required to recharacterize the claim as one arising under federal law for purposes of determining removal jurisdiction." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir.1998).

In the present case, the federal statutes relied upon by the removing defendants — *i.e.*, Section 26(a) of the Tennessee Valley Authority Act, 16 U.S.C. § 831y-1, Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 — do not provide for the complete preemption of plaintiffs' state law claims.

### 1.   Section 26(a) of the Tennessee Valley Authority Act, 16 U.S.C. §

**831y-1.**

Neither 16 U.S.C. § 831y-1, nor the regulations promulgated by the Tennessee Valley Authority ("TVA") regarding that statute, evidence an intent by Congress to preempt the state law causes of action raised in plaintiffs' complaint simply because the subject property borders a TVA easement. The statute reads as follows:

> The unified development and regulation of the Tennessee River system requires that no dam, appurtenant works, or other obstruction, affecting navigation, flood control, or public lands or reservations shall be constructed, and thereafter operated or maintained across, along, or in the said river or any of its tributaries until plans for such construction, operation, and maintenance shall have been submitted to and approved by the Board; and the construction, commencement of construction, operation, or maintenance of such structures without such approval is prohibited. When such plans shall have been approved, deviation therefrom either before or after completion of such structures is prohibited unless the modification of such plans has previously been submitted to and approved by the Board.
>
> In the event the Board shall, within sixty days after their formal submission to the Board, fail to approve any plans or modifications, as the case may be, for construction, operation, or maintenance of any such structures on the Little Tennessee River, the above requirements shall be deemed satisfied, if upon application to the Secretary of the Army, with due notice to the Corporation, and hearing thereon, such plans or modifications are approved by the said Secretary of the Army as reasonably adequate and effective for the unified development and regulation of the Tennessee River system.
>
> Such construction, commencement of construction, operation, or maintenance of any structures or parts thereof in violation of the provisions of this section may be prevented, and the removal or discontinuation thereof required by the injunction or order of any district court exercising jurisdiction in any district in which such structures or

parts thereof may be situated, and the Corporation is authorized to bring appropriate proceedings to this end.

*The requirements of this section shall not be construed to be a substitute for the requirements of any other law of the United States or of any State, now in effect or hereafter enacted, but shall be in addition thereto*, so that any approval, license, permit, or other sanction now or hereafter required by the provisions of any such law for the construction, operation, or maintenance of any structures whatever, except such as may be constructed, operated, or maintained by the Corporation, shall be required, notwithstanding the provisions of this section.

16 U.S.C. § 831y-1 (emphasis supplied).

Defendants argue that, because they obtained a permit from TVA to construct the walkway and pier, only a *federal* court can reach a determination of the boundary line and issue an order requiring removal of the walkway and pier. This argument lacks merit, in part, because state law provides the proper standards for determining property boundary disputes. *See*, *e.g.*, *State v. Gill*, 66 So. 2d 141 (Ala. 1953); *Blackburn and Berube v. Lefebvre*, 976 So. 2d 482 (Ala. Civ. App. 2007). Moreover, there is nothing in either 16 U.S.C. § 831y-1 or TVA's regulations that requires an order from a *federal* court where individuals dispute, among themselves, a property boundary that borders a TVA flood easement, or on which structures have been erected in compliance with permits issued by TVA.

> A TVA permit conveys no property interest. The applicant is responsible for locating the proposed facility on qualifying land and ensuring there is no objection from any owner of such land . . . *TVA is not responsible for resolving ownership questions*. In case of a dispute,

8

>TVA may require private parties requesting TVA action to grant or revoke a TVA permit to obtain a court order declaring respective land rights.

18 C.F.R. § 1304.2(a) (emphasis supplied).

In short, defendants have failed to demonstrate that 16 U.S.C. § 831y-1 completely preempts plaintiffs' state law claims. As such, 16 U.S.C. § 831y-1 does not confer federal question jurisdiction in this case.

### 2.     Section 404 of the Clean Water Act, 33 U.S.C. § 1344

Defendants have not stated any argument whatsoever in support of their contention, presented only in a single sentence of the "Notice of Removal," that 33 U.S.C. § 1344 provides for complete preemption of plaintiffs' state law claims.[6] In light of this omission, the court will not linger long to address this point. *See*, *e.g.*, *Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it."). Furthermore, defendants did not respond, and thereby waived any opposition, to plaintiffs' arguments that Congress did not intend for 33 U.S.C. § 1344 to completely preempt plaintiffs' state law causes of action.

Nonetheless, this court's examination of 33 U.S.C. § 1344 does not reveal *any*

---

[6]*See* doc. no. 1 ("Notice of Removal") at ¶ 13.

basis for defendants' argument that Section 404 of the Clean Water Act completely preempts plaintiffs' claims.[7]

### 3.   Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403

Section 10 of the Rivers and Harbors Act of 1899 provides as follows:

> The creation of any obstruction not affirmatively authorized by Congress, to the navigable capacity of any of the waters of the United States is prohibited; and it shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside established harbor lines, or where no harbor lines have been established, except on plans recommended by the Chief of Engineers and authorized by the Secretary of the Army; and it shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor or refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same.

33 U.S.C. § 403.  The plain language of this statute does not even hint at a Congressional intent to preempt the state law claims that are pled in plaintiffs'

---

[7]In contrast to defendants' arguments, Section 404 of the Clean Water Act mandates a coexisting relationship between state and federal authority. *See*, *e.g.*, 33 U.S.C. § 1344(c) ("Nothing in this section shall preclude or deny the right of any State or interstate agency to control the discharge of dredged or fill material in any portion of the navigable waters within the jurisdiction of such State, including any activity of any Federal agency, and each such agency shall comply with such State or interstate requirements both substantive and procedural to control the discharge of dredged or fill material to the same extent that any person is subject to such requirements. This section shall not be construed as affecting or impairing the authority of the Secretary to maintain navigation.").

complaint. Defendants have failed to meet their burden to demonstrate that this statute confers subject matter jurisdiction on this court through complete preemption of plaintiffs' claims. *See, e.g., Leonard*, 279 F.3d at 972 (noting that the removing party bears the burden of demonstrating a federal court's jurisdiction).

## II. CONCLUSION

For the reasons stated herein, defendants have not shown good cause why this action should not be remanded to state court. Accordingly, plaintiffs' "Motion to Remand" is due to be GRANTED. A separate order consistent with this Memorandum Opinion will be entered.

DONE this 26th day of September, 2008.

_____
United States District Judge